**Dated: July 21, 2021**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

WILLIAM J. KNOWLTON and       Case No. 21-80006-TRC
BRIDGET E. KNOWLTON,      Chapter 7

    Debtors.

JOHN KNOWLTON,

    Plaintiff

v.      Adv. No. 21-8008-TRC

WILLIAM J. KNOWLTON,

    Defendant.


### ORDER DENYING MOTION TO DISMISS

    Before the Court is Defendant William J. Knowlton's Motion to Dismiss – Pursuant to FRCP 12(b)(1) & 12(b)(6) (Docket Entry 7), and Plaintiffs' Objection (Docket Entry 9). This Court held a telephonic hearing on Defendant's Motion and heard arguments of both parties. For good cause shown, Defendant's Motion is denied and Defendant is directed to file an

Answer within fourteen days of the entry of this Order.

**Relevant Facts and Procedural History**

As set forth in the Complaint, the parties are brothers. On June 4, 2010, Plaintiff entered into a written agreement to lease a house in Pea Ridge, Arkansas from Defendant with the option to purchase ("Lease-Purchase Agreement"). Plaintiff made payments pursuant to the Lease-Purchase Agreement for nine years, totaling approximately $97,000. In July of 2018, Plaintiff gave written notice to Defendant that he wanted to purchase the property. He discovered that Defendant had failed to disclose that he had given a second mortgage on the property in 2008. Defendant represented that this second mortgage prevented him from selling the property to Plaintiff pursuant to the Lease-Purchase Agreement. Plaintiff also learned that Defendant was not making payments on the first mortgage, so he made his monthly payments directly to the mortgagee. In 2019, Defendant filed an unlawful detainer action in Arkansas against Plaintiff, seeking to evict him from the property for failure to make the lease payments. Plaintiff appeared in the lawsuit and the court ordered him to vacate the property, based on alleged fraudulent testimony of Defendant. Defendant then sold the property at a profit. Plaintiff alleges that Defendant owed him a fiduciary duty to make mortgage payments on the property and to allow him to exercise his option to purchase the property. By failing to do so, Defendant breached that duty which resulted in Plaintiff's eviction and loss of the option to purchase the property with the lease payments being applied to the purchase price.

Defendant's Motion to Dismiss includes documents from two Arkansas state court actions. The first was a foreclosure action filed in 2017 involving the Pea Ridge property and another property owned by Defendant. Documents from that case indicate that Plaintiff was a third-party defendant who was dismissed by summary judgment. The second state court case was

the unlawful detainer action which resulted in Plaintiff's eviction from the Pea Ridge property in 2019. Plaintiff's Objection to the Motion to Dismiss includes as an exhibit the complaint he filed against Defendant on August 10, 2020 alleging breach of contract, negligence, promissory estoppel, unjust enrichment, with request for punitive damages. This case was stayed by the bankruptcy filing of Defendant. Plaintiff then filed this adversary case, alleging fraud and breach of fiduciary duty, seeking judgment of $97,000, and excepting that debt from discharge for fraud by a fiduciary, although he fails to cite the section(s) of the Bankruptcy Code under which he proceeds.

**Conclusions of Law**

Defendant filed this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. The focus of a motion to dismiss is on the complaint itself, with deference being given to the plaintiff. A court may consider documents referred to in the complaint if the documents are central to a plaintiff's claim and the parties do not dispute the documents' authenticity.[1] This Court has wide discretion to allow and review affidavits and other documents submitted in evaluating a Rule 12(b)(1) motion attacking the jurisdiction of the court. Consideration of such affidavits and documents does not convert a motion to dismiss to a motion for summary judgment.[2] Relevant documents considered by this Court are referenced in the Complaint, Defendant's Motion to Dismiss, and Plaintiff's Objection. They include the Arkansas County Circuit Court foreclosure decree,[3] the Complaint,[4] Answer,[5] and Order to Issue Writ of Possession[6] from the Benton

---

[1] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).
[2] *See Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995).
[3] Def.'s Exhibit 5, Motion to Dismiss, Docket Entry 7-6.
[4] Def.'s Exhibit 6, Motion to Dismiss, Docket Entry 7-7.
[5] Def.'s Exhibit 7, Motion to Dismiss, Docket Entry 7-8.

County, Arkansas Circuit Court eviction proceeding, and the Complaint from the 2020 Benton County, Arkansas Circuit Court case filed by Plaintiff against Defendant.[7]

    a.    **Review of Complaint under Rule 12(b)(1)**

Defendant argues that the Complaint asks this Court to review matters involving the foreclosure action and eviction action in violation of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars this Court from reviewing and reversing a state court civil judgment. A request made to a federal court to invalidate a state judgment based upon an alleged defect in a state court proceeding presents a *Rooker-Feldman* issue.[8] Where a state court order is final, this Court may not invalidate it.

The Court does not view the allegations in the Complaint as attempting to set aside or invalidate a state court order. Instead, the Complaint alleges fraud and breach of fiduciary duty against Defendant regarding the Lease-Purchase Agreement. The Complaint does allege that Defendant fraudulently testified in the eviction proceeding but it does not ask this Court to vacate the eviction order or revisit the findings in that case. To do so would be a violation of *Rooker-Feldman,* but at this stage of the case, the Court finds no support to dismiss under Rule 12(b)(1).

    b.    **Review of Complaint under Rule 12(b)(6)**

When considering a motion to dismiss under Rule 12(b)(6), a court must determine whether a plaintiff has stated a claim upon which relief may be granted. Bankruptcy Rule 7008 incorporates Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim to show that the pleader is entitled to relief." The purpose of this pleading standard is to weed out claims

---

[6] Def.'s Exhibit 8, Motion to Dismiss, Docket Entry 7-9.
[7] Plaintiff's Objection to Motion to Dismiss, Docket Entry 9-1.
[8] *In re Van Winkle*, 583 B.R. 759 (10th Cir. BAP 2018).

that do not have a reasonable prospect of success, and to inform defendants of the actual grounds of the claim against them.[9] A court must accept as true all well-pleaded factual allegations of the complaint, even if doubtful, and must construe the allegations in a light most favorable to the claimant.[10] A complaint must contain enough allegations of fact, taken as true, to state a claim that is plausible on its face, drawing a reasonable inference that the defendant is liable for the alleged misconduct.

Defendant argues that Plaintiff is barred by the doctrine of res judicata from seeking relief here because he had two opportunities to do so in the foreclosure action and the eviction action in Arkansas state court but failed to do so.

> Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, n. 5 (1979). Disputes between parties must be resolved within the context of a single litigation to protect litigants from the burden of relitigating an identical issue with the same party and of promoting judicial economy by preventing needless litigation.[11]

Defendant does not identify the precise issues determined on the merits in the state court cases. The Court has no information regarding the claims made against Plaintiff in the foreclosure action. The Decree of foreclosure references a dismissal of Plaintiff on summary judgment, but this Court has no information regarding the issues raised in that motion or the

---

[9] *See In re Expert South Tulsa, L.L.C.*, 522 B.R. 634, 653 (B.A.P. 10th Cir. 2014) citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Robbins v. Oklahoma,* 519 F.3d 1242 (10th Cir. 2008).
[10] *Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).
[11] *Parklane,* 439 U.S. at 326.

foreclosure proceeding involving these two parties. The subject matter of the foreclosure action was the promissory notes and mortgages given by Defendant and others and their breach of those agreements. It is not clear to this Court that Plaintiff's claims pursuant to the Lease-Purchase Agreement arose out of the same transactions and subject matter involving the foreclosing lenders and Defendant. Thus, this Court cannot determine that Plaintiff failed to raise compulsory claims against Defendant in the foreclosure action and is therefore barred by res judicata or collateral estoppel from doing so here.

Similarly, the eviction action appeared only to focus on the rent due under the Lease-Purchase Agreement, although there is an allegation that Defendant William Knowlton fully performed his obligations under the lease. Without additional information, this Court cannot determine whether the issues tried in the eviction proceeding were the same as those alleged in this adversary Complaint or whether Plaintiff had compulsory counterclaims that he failed to raise.

At a minimum, the Complaint alleges that Defendant owed a fiduciary duty to Plaintiff to properly account for payments made under the Lease-Purchase Agreement, pay the mortgage on the Pea Ridge property in accordance with the parties' agreement and preserve Plaintiff's option to purchase. It also alleges that Defendant failed to fully inform Plaintiff regarding Defendant's true financial condition with the intent of inducing and encouraging Plaintiff to continue to make payments to him with no intent to allow Plaintiff to purchase the property per the Lease-Purchase Agreement. Although the Complaint includes minimal recitations and identifies no specific discharge exception under 11 U.S.C. § 523(a), the Court finds that Plaintiff has made sufficient allegations in accordance with Fed. R. Civ. P. 8 showing he may be entitled to relief from Defendant. He may proceed under §§ 523(a)(2) and (4).

**Order of the Court**

IT IS THEREFORE ORDERED that Defendant William J. Knowlton's Motion to Dismiss (Docket Entry 7) is **denied.**

IT IS FURTHER ORDERED that Defendant William J. Knowlton shall file an Answer to Plaintiff's Complaint within fourteen days of the entry of this Order.

###